CHRISTOPHER A. CROFTS
United States Attorney
C. LEVI MARTIN (WY BAR #6-3781)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Email: christopher.martin@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| JOSEPH V. LIBRETTI, JR. ) | |
| ) | Civil Case No. 14-cv-107-S |
| *Plaintiff, pro se,* ) | |
| ) | |
| v. ) | |
| ) | |
| TAYLOR COURTNEY, and ) | |
| STEVEN WOODSON, ) | |
| In Their Individual Capacities, ) | |
| ) | |
| *Defendants.* ) | |

___

### TAYLOR COURTNEY'S RESPONSE TO
### PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
___

Taylor Courtney (Courtney), by and through Assistant United States Attorney, C. Levi Martin, hereby files his response to Plaintiff's (Libretti's) motion to alter or amend judgment granting Courtney's motion for summary judgment, or in the alternative motion for leave to file an amended complaint.[1] (Doc. 65).

___

[1] Although Libretti requests, alternatively, that he be allowed to file an amended complaint, he does not provide any analysis as to why he should be permitted to do so. Accordingly, this response will not address the issue of amendment and this Court should not consider it further. *See Trustees of Utah Carpenters' & Cement Masons' Pension Trust v. Loveridge*, 567 Fed.Appx. 659, 661 (10th Cir. 2014) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (citation omitted).

## INTRODUCTION

In Libretti's latest vexatious litigation tactic,[2] he miscomprehends the burden of proof, raises new arguments, and asserts error based on immaterial facts. His motion should be denied.

## STANDARD OF REVIEW

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.* (citation omitted).

## DISCUSSION

**I.  It was Libretti's Burden to Demonstrate Material Issues of Fact Existed as to Whether Courtney Violated the Constitution.**

In his complaint, Libretti alleged Courtney exceeded the scope of the warrant by seizing spice, and the chemical compounds used to make spice,[3] which were later analyzed and determined not to be controlled substances (at least not listed as controlled at the time of the seizure). (Doc. 5 at ¶ 177). Libretti also alleged seizure of a computer exceeded the scope of the

---

[2] *See Libretti v. Woodson*; 1:13-cv-00932-DAP (Doc. 42) (In the summary denial of Libretti's Rule 59 motion from his companion Ohio case, the District Court order stated "Plaintiff has needlessly taxed public and private resources in litigating this case"); *see also Libretti v. Wyoming Atty. Gen.*, 60 Fed.Appx. 194, 198 (10th Cir. 2003) (Tenth Circuit noting that "[o]n three separate occasions" it had rejected an issue Libretti raised yet again in the new appeal, thus dismissing the current claim because it was frivolous and barred by res judicata).

[3] In his Rule 59 motion, Libretti asserts this Court misinterpreted Courtney's use of the term "spice" as also including the components used to make spice (e.g. JWH-018 and untreated herbs). (Doc. 65 at 3-4). Libretti obviously overlooked footnote three of Courtney's memorandum wherein it was stated that Courtney's use of the generic term "spice" throughout the brief would be referring to "either JWH-018 (an active ingredient in spice), the herbs (the leafy substance which is applied with JWH-018 or other similar compound), or the final product of the two combined." (Doc. 17 at 2, n.3).

warrant because it did not contain evidence of a crime. (*Id.* at ¶ 205). Libretti contended these seizures violated the Fourth Amendment. (*Id.* at ¶¶ 177 & 205).

As pointed out in Courtney's memorandum in support of his motion for summary judgment, however, Libretti's complaint was deficient on its face because it failed to "allege that at the time of seizure Defendant Courtney knew or should have known that Libretti's spice was legal." (Doc. 17 at 10). Indeed, Courtney specifically challenged Libretti to present some evidence demonstrating a distinction could be made in the field as to what was legal and what was not legal. *See* (Doc. 17 at 9, n.8) ("Libretti does not allege, because he cannot, that there was a DEA approved field test available in June of 2010 which could have been used to properly identify the multitude of compounds being sold at the time under the name of spice").

That was all that was required of Courtney. *See Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (a movant for summary judgment who does not bear the ultimate burden of persuasion at trial need not negate the other party's claim, they need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim) (citation omitted). The burden then shifted to Libretti to "set forth specific facts showing that there is a genuine issue for trial"[4] on whether Courtney's conduct was unreasonable.

Libretti failed to meet this burden. As this Court properly found, Libretti "provided no evidence or authority to suggest Defendant Courtney reasonably could have distinguished between legal herbs, legal and illegal chemical compounds to be applied to herbs, or legal and illegal spice at the time of seizure." (Doc. 56 at 7). The assertion (raised for the first time in the instant motion) that Courtney could have distinguished between legal and illegal spice is

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

untimely. *See Servants of the Paraclete,*, 204 F.3d at 1012 (motion for reconsideration is not appropriate vehicle to "advance arguments that could have been raised in prior briefing").[5]

Libretti's claim regarding seizure of the computer was similarly deficient. As Courtney stated in his brief, "Libretti failed to allege that at the time of seizure Deputy Courtney knew that the computer and flash drive did not contain evidence of drug trafficking." (Doc. 17 at 10). Courtney further cited *United States v. Campos,* 21 F.3d 1143, 1147 (10th Cir. 2000) as case authority for why it is reasonable for computer analyses to be conducted in a controlled environment after seizure.

This Court properly found Libretti provided no evidence or authority which would suggest Courtney could have determined the contents of the computer prior to seizure. (Doc. 56 at 7-8). Libretti also failed to provide any authority which established Courtney had an obligation to inspect the electronic contents of the computer on scene. That failure was fatal to Libretti's claim because Courtney raised the qualified immunity defense. As such, Libretti was required to cite authority which would demonstrate every reasonable officer would know that seizing a computer for later analysis is a violation of rights. *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (for a right to be clearly established, it must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate"); *Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003) (law is clearly established when a Supreme Court or Tenth Circuit decision is on point); *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir.

---

[5] Libretti also asserts that the Court failed to view the evidence and all reasonable inferences in the light most favorable to him. (Doc. 65 at 2). As Libretti is forced to concede, however, he presented no evidence for the Court to view. (*Id.* at 4) (acknowledging he did not "come forward with his own evidence" on distinguishability because of his mistaken belief he had no burden to do so). Accordingly, the fatal flaw for Libretti's claim in this regard was not that his evidence was not persuasive, it was that he had none at all.

2009) (inquiry must be conducted under the specific factual context of the case and not as a general proposition).

Libretti failed to provide any evidence demonstrating Courtney's conduct was unreasonable and constitutionally prohibited. Accordingly, Courtney was entitled to summary judgment.

**II.  Courtney had no authority over the disposition of the subject computer.**

Libretti contends that because he requested the computer be returned earlier than this Court's finding, the Court should reconsider granting summary judgment for Courtney. (Doc. 65 at 10). This argument has no merit.

As an initial matter, although it appears Libretti did indeed request the computer be returned before the end of his criminal trial (as an afterthought in one of his multiple pretrial *pro se* motions), that Court did not grant the request until November 9, 2011. *See Libretti*; 11-cr-0069-NDF (ECF No.'s 108 & 148). In his motion to reconsider, Libretti provides no authority to support his opinion that delivery of the computer in February of 2012 is an unreasonable delay, especially in light of the circumstances.

Regardless, Courtney had no involvement with the return of property. *See* (Doc. 16-7 at 2) (Courtney declaration stating he "had no authority to return any of the evidence"). Accordingly, even assuming a three month period of time in which to return the computer could be considered a constitutional violation, Deputy Courtney was not the government agent responsible. This Court properly found Libretti failed to demonstrate Courtney, through his "own individual actions," deprived Libretti of his property after the property was analyzed. (Doc. 56 at 9), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution").

## CONCLUSION

Libretti's motion does not demonstrate "clear error" or "manifest injustice." *See Servants of the Paraclete,*, 204 F.3d at 1012 (listing reasons to grant a Rule 59 motion). Accordingly, this Court should deny it.

DATED this 4th day of May, 2015.

                                    Respectfully Submitted,

                                    CHRISTOPHER A. CROFTS
                                    United States Attorney

By:    */s/ C. Levi Martin*
        C. LEVI MARTIN
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 4, 2015, a copy of the **TAYLOR COURTNEY'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** has been served upon the following by the method(s) indicated below:

| | |
|---|---|
| Joseph V. Libretti, Jr.<br>1900 East 30th Street #305<br>Cleveland, OH 44114<br>*Pro Se* | [ ] By Facsimile<br>[X] U.S. Mail – certified/return receipt<br>[ ] By Hand Delivery<br>[ ] By Electronic Filing |

                                        */s/ Vaughna Warburton*
                                        United States Attorney's Office